# 2009 DTA 137

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE GUAYAMA**
**PANEL XI**

WYETH-WHITEHALL PHARMACEUTICALS, INC., POR SÍ Y COMO NEGOCIO SUCESOR DE WYETH PHARMACEUTICALS COMPANY, INC.
Peticionario

v.

MUNICIPIO DE GUAYAMA; HÉCTOR L. COLÓN MÉNDOZA, ALCALDE DE GUAYAMA, EN SU CARÁCTER OFICIAL; Y CARMEN L. ANAYA VALENTÍN, DIRECTORA DE FINANZAS, EN SU CARÁCTER OFICIAL
Recurridos

Núm. KLCE-2009-01216

San Juan, Puerto Rico, a 18 de septiembre de 2009

Panel integrado por su Presidente, el Juez Aponte Hernández, el Juez Cabán García y la Juez Cintrón Cintrón

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

La peticionaria, Wyeth-Whitehall Pharmaceuticals, Inc., nos solicita que revoquemos la resolución emitida el 10 de julio de 2009 por el Tribunal de Primera Instancia, Sala de Guayama. Mediante la misma, dicho foro denegó la solicitud de descalificación presentada por la peticionaria en contra del Lcdo. Eduardo H. Martínez Echevarría, representante legal de los recurridos, por presunto conflicto de intereses en su modalidad de

representación sucesiva adversa.

Por los fundamentos que expondremos, se deniega la expedición del auto de *certiorari* solicitado.

## I

El 14 de abril de 2008, Wyeth-Whitehall Pharmaceuticals (Wyeth) presentó una demanda ante el Tribunal de Primera Instancia (TPI) en contra del Municipio de Guayama, su alcalde Héctor L. Colón Mendoza y la Directora de Finanzas, Carmen L. Anaya Valentín. En la misma, impugnó la deficiencia notificada para el pago de patentes municipales correspondiente a los años contributivos 2004-2005 y 2005-2006. El 8 de mayo de 2008, presentó una segunda demanda en la que impugnó la deficiencia notificada para el pago de patentes municipales correspondientes a los años contributivos 2003-2004, 2006-2007 y 2007-2008. El 25 de septiembre de 2008, el TPI consolidó ambos pleitos.

El 26 de noviembre de 2008, Wyeth solicitó la descalificación del Lcdo. Eduardo H. Martínez Echevarría como representante legal del Municipio por presunto conflicto de intereses en su modalidad de representación sucesiva adversa. También, solicitó la descalificación del bufete donde éste labora, Martínez Echevarría & Eliza Rivera, P.S.C., bajo la doctrina de descalificación imputada. Alegó que el Lcdo. Martínez Echevarría se desempeñó como abogado en el bufete McConnell Valdés LLC desde el 19 de octubre de 1998 hasta el 31 de enero de 2001; que como parte de los servicios legales prestados durante ese tiempo, éste trabajó directamente con asuntos de Wyeth relacionados con las deficiencias en el pago de las patentes municipales impugnadas; y que la información que obtuvo el Lcdo. Martínez Echevarría mientras trabajó en el bufete legal McConnell Valdés LLC podría ser utilizada ahora en el presente caso a favor de su cliente Municipio de Guayama, como parte demandada, y en contra de su anterior cliente Wyeth, como parte demandante.

Específicamente, Wyeth alegó que mientras el Lcdo. Martínez Echevarría fue abogado del bufete McConnell Valdés LLC, "éste trabajó directamente con asuntos de WWPI, AWPI y WPC relacionadas a las deficiencias en el pago de patentes notificadas por el Municipio como consecuencia del Decreto de Exención Núm. 98 y la presentación de una solicitud de resolución a la Oficina del Comisionado de Asuntos Municipales (OCAM) validando el tratamiento contributivo de WPC, según fue otorgado por el Departamento de Estado de Puerto Rico ... en el Decreto de Exención Núm. 98". **[1]** En apoyo de su solicitud, Wyeth acompañó las entradas de tiempo facturadas por el bufete McConnell por el trabajo del Lcdo. Martínez Echevarría.

El Municipio se opuso a la descalificación solicitada. Sostuvo que de las entradas de tiempo facturadas por McConnell por la labor del Lcdo. Martínez Echevarría se desprende que su participación se circunscribió a realizar la investigación jurídica preliminar para tramitar la solicitud ante la OCAM. Argumentó, que el Lcdo. Martínez Echevarría no tuvo relación alguna con la negociación del decreto municipal en cuestión. Además, indicó que la determinación de OCAM no formaba parte del litigio. Por tanto, alegó que la prueba presentada por Wyeth no era suficiente para justificar la descalificación del Lcdo. Martínez Echevarría como abogado del Municipio, pues ésta no demostraba la existencia de una relación sustancial entre la representación anterior de Wyeth y la representación actual del Municipio que implicara intereses adversos.

El TPI celebró una vista para discutir la solicitud de descalificación. Wyeth (promovente de la solicitud) optó por no presentar prueba testifical, por lo que el asunto quedó sometido ante el TPI por las argumentaciones de las partes.

El 10 de julio de 2009, el TPI emitió resolución mediante la cual denegó la solicitud de descalificación presentada por Wyeth. Concluyó que dicha parte no descargó adecuadamente su responsabilidad de demostrar la existencia de una relación sustancial entre ambas representaciones que implicara un conflicto de intereses por representación sucesiva adversa suficiente para decretar la descalificación del Lcdo. Martínez Echevarría y el bufete en el cual labora, Martínez Echevarría & Eliza Rivera, P.S.C.

Inconforme, oportunamente Wyeth acude ante nos y señala que:

"Erró el Honorable Tribunal de Primera Instancia al concluir que no procedía la descalificación sucesiva adversa del Lcdo. Eduardo H. Martínez Echevarría debido a la aplicación de un estándar de *relación sustancial* distinto al que establece el Canon 21 del Código de Ética Profesional de 1970, según enmendado, 4 L.P.R.A. Ap. IX, Canon 21, y la jurisprudencia interpretativa de nuestro Honorable Tribunal Supremo de Puerto Rico.

Erró el Honorable Tribunal de Primera Instancia al no aplicar el criterio de apariencia de conducta impropia que provee el Canon 38 del Código de Ética Profesional, según enmendado, 4 L.P.R.A. Ap. IX, Canon 38, para descalificar al Lcdo. Eduardo H. Martínez Echevarría de la representación legal de la parte recurrida."

En oposición, el Municipio arguye que no procede la expedición del auto solicitado debido a que no concurren ninguno de los criterios enunciados para su expedición, según esbozados en la Regla 40 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII-B.

## II

### A

Como es sabido, el TPI tiene la facultad de ordenar la descalificación de los abogados que participan en un caso, bien para prevenir violaciones a los Cánones de Ética Profesional o para evitar actos disruptivos de los procedimientos. *Meléndez v. Caribbean Int'l. News,* 151 D.P.R. 649, 661 (2000); *K-Mart Corp. v. Walgreens of P.R., Inc.,* 121 D.P.R. 633, 637 (1988).

Esta facultad es inherente al poder del Tribunal para gobernar los procedimientos ante sí. El ejercicio de la misma no tiene la naturaleza de una medida disciplinaria, poder que está reservado al Tribunal Supremo de Puerto Rico, sino que constituye una determinación procesal. *Meléndez v. Caribbean Int'l. News, supra,* págs. 660-661; *Liquilux Gas Corp. v. Berríos, Zaragoza,* 138 D.P.R. 850, 864 (1995); *Fed. Pesc. Playa Picúas v. U.S. Inds., Inc.,* 135 D.P.R. 303, 317, n. 25 (1994); *K-Mart Corp. v. Walgreens of P.R., Inc., supra,* pág. 637.

La descalificación puede ser ordenada a solicitud de parte o por el Tribunal, actuando *motu proprio. Meléndez v. Caribbean Int'l. News, supra,* pág. 661. Cuando la descalificación es solicitada por la parte contraria, debe considerarse si quien solicita este remedio tiene legitimación para hacerlo; la gravedad del conflicto de interés; la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados; la etapa de los procedimientos en que surja la controversia sobre la descalificación y su posible efecto en cuanto a la resolución justa, rápida y económica del caso; y si la moción de descalificación está siendo utilizada como mecanismo procesal para dilatar los procedimientos. Además, el tribunal deberá sopesar el derecho que le asiste a todo ciudadano de escoger libremente el abogado que lo represente, y velará porque el abogado que sea descalificado tenga al menos la oportunidad de ser oído y de presentar prueba en su defensa. *Otaño v. Vélez,* 141 D.P.R. 820, 828 (1996).

En la situación de autos, Wyeth entiende que el Lcdo. Martínez Echevarría debía ser descalificado en atención a lo dispuesto por el Canon 21 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 21, el cual establece que:

"El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales."

No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un

abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.

La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que pueden afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste.

El Canon 21 del Código de Ética Profesional le impone al abogado un deber de completa lealtad hacia su cliente. La finalidad de la referida norma deontológica es reglamentar la conducta profesional que, de alguna forma, pueda poner en peligro el principio de confidencialidad que caracteriza la relación fiduciaria de abogado-cliente, y de esa forma menoscabar la imagen de la justicia y la confianza que tiene el ciudadano en el sistema. *In re: Báez Renoval,* 175 D.P.R. ___, **2008 J.T.S. 197**, pág. 211.

El Canon 21 preceptúa tres situaciones que los togados deben evitar, toda vez que representan un conflicto de intereses que quebranta el deber de lealtad e impide que el abogado ejerza una representación adecuada y transparente para su cliente: (1) representación simultánea de clientes; (2) representación sucesiva adversa; y (3) aceptar representación a sabiendas de que su juicio profesional puede verse afectado por sus intereses personales. *Id.,* pág. 211.

Presenta un prohibido grave conflicto de intereses la representación sucesiva adversa, cuando el abogado acepta la representación de un cliente sobre asuntos que pueden afectar adversamente los intereses de un cliente anterior. Es necesaria la existencia de una relación de abogado-cliente para que se active dicha prohibición. Al igual que sucede en la representación simultánea de clientes, en este caso, el togado tampoco podrá aducir que no utilizará las confidencias de sus clientes en perjuicio de éstos. Tal prohibición es insoslayable, por lo que los clientes no podrán consentir a la representación conflictiva. *Id.,* pág. 211.

En aras de determinar si un abogado incurrió en la representación sucesiva de intereses encontrados, es preciso analizar la conducta de éste a la luz del criterio de relación sustancial. A tenor con dicho criterio, el cliente sólo tiene que demostrar que la controversia legal en la que el abogado comparece en su contra está sustancialmente relacionada con la causa de acción en la que el abogado previamente le representó. Es por ello, que el cliente no tiene que probar que hubo una violación al principio de confidencialidad. *Id.,* pág. 212.

Cuando un abogado incurre en representación sucesiva adversa, el cliente tiene que demostrar que el abogado mantuvo una relación abogado-cliente con un cliente que al presente tiene una controversia con otro cliente que él representa; que la representación legal de su cliente anterior está sustancialmente relacionada con la representación profesional de su cliente actual; y que la representación legal actual resulta adversa a los intereses de su cliente original. *Id.,* pág. 212.

El Canon 38 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 38, establece que los abogados deben eludir aquellas situaciones que puedan dar la apariencia de conducta impropia. *Id.,* pág. 212.

Un abogado tiene la obligación de evitar, tanto en la realidad como en la apariencia, la impresión de conducta conflictiva y tiene el deber de lucir puro y libre de influencias extrañas a su gestión profesional. Por tal razón, cuando un abogado asume una representación sucesiva adversa que resulta en un real o potencial conflicto de intereses, dicho abogado incurre en conducta violatoria de los cánones 21 y 38 del Código de Ética Profesional. *Id.,* pág. 212.

**B**

Por otro lado, el auto de *certiorari*, 32 L.P.R.A. sec. 3491 *et seq.*, es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Colón Mendoza*, 149 D.P.R. 630, 637 1999. Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 D.P.R. 79 2001.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal, promulgado por el Tribunal Supremo el 20 de julio de 2004, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. La referida regla dispone lo siguiente:

"El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la mas indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración mas detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."

No obstante, el principio general reconoce que los tribunales de instancia son quienes están en mejor posición para determinar cuál debe ser el manejo del caso ante su consideración. Como corolario de lo anterior, los foros apelativos no deben intervenir con las determinaciones de los tribunales sentenciadores que estén enmarcadas en el ejercicio de la discreción que se les ha concedido para encaminar procesalmente los asuntos que tienen pendientes. En situaciones excepcionales, tales actuaciones serán objeto de revisión si son arbitrarias, constitutivas de un craso abuso de discreción, o basadas en una determinación errónea que a su vez haya causado un grave perjuicio a una de las partes. *Rebollo v. Gil*, 148 D.P.R. 673 (1999).

La determinación de derecho del tribunal de instancia de descalificar a un abogado es una decisión impregnada de un alto grado de discreción que tiene dicho foro en el manejo procesal de un caso. Los tribunales apelativos no deben, con relación a determinaciones interlocutorias discrecionales procesales, sustituir su criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción. *Meléndez v. Caribbean Int'l. News, supra*, págs. 664-665.

## III

En el caso de autos, Wyeth planteó la existencia de un conflicto de intereses bajo la modalidad de representación sucesiva por parte del Lcdo. Martínez Echevarría. Sin embargo, como bien concluyera el TPI, Wyeth presentó prueba vaga e imprecisa en términos de la información que alegadamente el Lcdo. Martínez Echevarría obtuvo mientras laboró para el bufete McConnell Valdés LLC y que pudiera ser utilizada por éste en detrimento de Wyeth.

Según surge de la resolución recurrida, el Lcdo. Martínez Echevarría intervino en ciertos asuntos que involucraban aspectos contributivos de Wyeth mientras se desempeñó como abogado del bufete legal McConnell Valdés LLC. Entre éstos, realizó gestiones dirigidas a lograr que la Oficina del Comisionado de Asuntos Municipales emitiera una determinación administrativa relacionada con la concesión ciertos beneficios contributivos a favor de Wyeth. El Lcdo. Martínez Echevarría así lo aceptó. Sin embargo, negó que sus servicios estuvieran relacionados con las deficiencias en el pago de las patentes municipales impugnadas. Ello, debido a que la auditoría sobre la responsabilidad contributiva de Wyeth comenzó a finales del 2000 y él dejó de laborar en McConnell Valdés LLC para enero de 2001.

Conforme se desprende de la prueba que tuvo el TPI ante su consideración, de las propias entradas de tiempo que Wyeth presentó no surge que el Lcdo. Martínez Echevarría hubiera participado con los oficiales de Wyeth para discutir asuntos relacionados con patentes municipales ni mucho menos sobre asuntos concernientes a la controversia de este caso. En otras palabras, el mero hecho de que Wyeth fuese cliente del bufete donde trabajaba anteriormente el Lcdo. Martínez Echevarría al momento en que comenzaron las gestiones relacionadas con la OCAM y que el Municipio luego se convirtiera en su cliente, no significa que éste haya incurrido automáticamente en conducta impropia. Las imputaciones de la peticionaria Wyeth constituyen meras especulaciones que no pueden ser tomadas como causa de descalificación.

Al aplicar la normativa expuesta, sólo podemos concluir que las aseveraciones por parte de Wyeth de que el Lcdo. Martínez Echevarría trabajó con asuntos relacionados con dicha compañía mientras se desempeñó como abogado del bufete McConnell Valdés LLC no son suficientes para descalificar a dicho abogado de la representación legal del Municipio. Wyeth no ha demostrado que el TPI hubiera actuado de manera arbitraria al denegar la solicitud de descalificación interpuesta. El TPI tiene amplia discreción para pautar el manejo de los casos ante su consideración, a los fines de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correcta. Además, no surge del expediente ante nos que la determinación del TPI haya privado a Wyeth de derecho alguno.

En fin, conforme a las normas de derecho antes relacionadas y a los hechos particulares de este caso, estamos convencidos que lo más prudente en esta etapa del proceso es abstenernos de intervenir.

## IV

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2009 DTA 137**

1. *Moción Solicitando Descalificación*, pág. 442 del apéndice del recurso.